UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA KUBIAK, | ) |
| Plaintiff, | ) |
| v. | ) **Case No.:** |
| CITIZENS BANK, N.A. d/b/a RBS CARD SERVICES, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT

PATRICIA KUBIAK ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against CITIZENS BANK, N.A. d/b/a RBS CARD SERVICES ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2. This Court's jurisdiction arises 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pittsburgh, Pennsylvania 15236.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is corporation with its principal place of business located at 375 Ghent Road, Fairlawn, Ohio 44333.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

12. Upon information and belief, Plaintiff never gave permission to Defendant to call her cellular telephone.

13. Upon information and belief, Plaintiff never furnished Defendant with her cellular telephone number and never authorized Defendant to call her.

14. Beginning in or around August 2014, Defendant called Plaintiff on her cellular telephone.

15. Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's telephone calls were not made for "emergency purposes."

17. When Plaintiff answered Defendant's calls, she received an automated recording identifying Defendant as the caller.

18. Defendant called Plaintiff multiple times a day during the relevant period.

19. For example, Defendant called Plaintiff on August 2, 2014; August 4, 2014 (twice); August 5, 2014 (twice); August 6, 2014; September 13, 2014; and November 19, 2014.

20. Plaintiff spoke with Defendant and told them to stop calling her.

21. Defendant heard Plaintiff's instructions to stop calling and revocation of consent; however, Defendant failed to update its records to restrict calls to Plaintiff's cellular telephone.

22. Rather, Defendant continued to make autodialed calls to Plaintiff's cellular telephone.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

25. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27. Defendant's calls to Plaintiff, in and after August 2014, were not made with Plaintiff's prior express consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PATRICIA KUBIAK, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.  Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.  Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

d.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PATRICIA KUBIAK, demands a jury trial in this case.

                                      RESPECTFULLY SUBMITTED,

Date: August 28, 2015        By: */s/ Craig Thor Kimmel*
                                      CRAIG THOR KIMMEL
                                      Attorney ID No. 57100
                                      Kimmel & Silverman, P.C.
                                      30 E. Butler Pike
                                      Ambler, PA 19002
                                      Phone: (215) 540-8888
                                      Fax: (877) 788-2864
                                      Email:   kimmel@creditlaw.com